IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**                                                                **PLAINTIFF**

v.                                                                         CAUSE NO. 1:22-cv-347-LG-BWR

**$53,495.00 UNITED STATES**
**CURRENCY**                                                                              **DEFENDANT**

## AMENDED DEFAULT JUDGMENT OF FORFEITURE

**BEFORE THE COURT** is the [9] Motion for Default Judgment and the [13] Motion to Set Aside the Order of the Magistrate Judge, both filed by the United States of America. After reviewing the submissions, the record in this matter and the applicable law, the Court grants the Motion for Default Judgment in favor of Plaintiff. In light of this, the Motion to Set Aside the Order of the Magistrate Judge will be denied as moot.

In this case, the United States alleges that the Drug Enforcement Administration ("DEA") seized $53,495.00 (the "Defendant Property") from Jennifer Abshire on June 29, 2022 during a traffic stop on I-10. (Compl. ¶ 2, ECF No. 1). The Complaint incorporates further factual allegations surrounding the seizure contained in an attached Declaration signed by DEA Special Agent Jack Cockrum. (*See* Decl. Supp. Compl. Forfeiture, ECF No. 1-1). On December 22, 2022, the United States filed the instant [1] Verified Complaint for Forfeiture *in Rem* and sought forfeiture of the following Defendant Property.

| 22-DEA-693596 | $53,495.00 U.S. Currency |
|---|---|

The Complaint alleges that the Defendant Property is subject to forfeiture under 21 U.S.C. § 881, 18 U.S.C. §§ 981(a)(1)(A), and 31 U.S.C. §§ 5317 and 5332(c) for violations of 21 U.S.C. § 841 (drug trafficking) and § 846 (drug conspiracy), 18 U.S.C. §§ 1956(a)(1) and (h) (money laundering and money laundering conspiracy), 31 U.S.C. §§ 5324(c) (structuring), 5332 (bulk cash smuggling), and/or 18 U.S.C. § 1960 (unlicensed money transmitting business).  On December 22, 2022, the United States filed an [3] Application for Warrant of Arrest *in Rem*, which the Clerk of Court issued the next day.  (*See* Warrant of Arrest *in Rem*, ECF No. 4).

Under Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States mailed direct written notice of this civil asset forfeiture action against the Defendant Property, including copies of the [1] Verified Complaint for Forfeiture *in Rem* and [2] Notice of Complaint for Forfeiture to all potential claimants reasonably known to the United States, as evidenced by the United States' [6] Proof of Service, which was filed with this Court on February 6, 2023.

Further, beginning on December 24, 2022, the United States published for thirty (30) consecutive days on an official government internet website at www.forfeiture.gov notice of this instant civil asset forfeiture action against the Defendant Property, as evidenced by the [5] Proof of Publication, which was filed on February 6, 2023.

The aforementioned publication and direct notices informed Jennifer Abshire, her attorney, and all other persons or entities, known or unknown, having or

claiming an interest in the Defendant Property that the Defendant Property had been arrested and that this instant civil forfeiture action was pending. The publication and direct notices also informed said persons and entities that they had thirty-five (35) days after being sent direct notice or sixty (60) days after the first date of the published notice to file a claim, and twenty (21) days thereafter to file an answer. Furthermore, the notice referred any such persons or entities to Rule G(5) of the Supplemental Rules of Admiralty and Maritime Claims and Asset Forfeiture Actions, and warned that if this Supplemental Rule were not strictly followed, the Court could enter default judgment of forfeiture.

On February 22, 2023, the United States moved for an entry of default against Abshire and any other potential claimants to the Defendant Property (*see* Mot. Entry Default, ECF No. 7), which the Clerk granted the same day. (*See* Clerk's Entry of Default, ECF No. 8). The United States then promptly [9] moved for Default Judgment, citing the lack of claims, answers, or other appearances in the record. (*See* Mot. Default J. ¶ 7, ECF No. 9). However, later that day, Jennifer Abshire appeared through counsel and moved for an extension of time to file an Answer to the Verified Complaint. (*See* Mot., ECF No. 10). The United States [11] responded to the Motion, arguing that Abshire should not be permitted to file an Answer because she never filed a claim as required by applicable law and did not request the extension within the window provided by law to file a claim and answer. (*See* Resp., at 1, ECF No. 11).

On March 15, 2023, the Magistrate Judge granted the extension and quoted that "the court should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects under Rule 15." (Order, at 4, ECF No. 12) (citing Fed. R. Civ. P. Supp. R. G(8)(c) advisory committee's note). The Magistrate Judge granted Abshire until March 31, 2023 to cure the cited deficiencies by filing a verified claim and answer in compliance with applicable law. (*Id.* at 4). The next day, the United States [13] moved to set aside the Magistrate Judge's Order. The deadline has now passed with no claim, answer or further appearance from Abshire or any other potential claimant.[1]

Hence, as of this date no claims, answers, or other appearances in this cause asserting an interest in the Defendant Property, or otherwise defending against this forfeiture action have been filed by any other person or entity. Thus, the time for any other person or entity to file a valid claim or answer in this action has lapsed pursuant to Rule G of the Supplemental Rules of Admiralty and Maritime Claims and Asset Forfeiture Actions.

As such, Jennifer Abshire and all other possible claimants are in total default; the Clerk of Court's February 22, 2023 [8] Entry of Default was proper, and the United States is entitled to a default judgment of forfeiture against the full interests of Jennifer Abshire and all other persons and entities in the Defendant

---

[1] Because Abshire entirely failed to file a claim or answer and is now in default, and because the Court herein renders default judgment against Abshire and in favor of the United States, the Court finds that the [13] Motion to Set Aside the Magistrate Judge's Order should be denied as moot.

Property, all without the necessity of further notice to Jennifer Abshire or any other person or entity.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

a. The United States of America's [9] Motion for Default Judgment of Forfeiture is **GRANTED**. The United States of America is hereby given a default judgment of forfeiture against the full interests of Jennifer Abshire, and all other person and entities in the Defendant Property:

| **22-DEA-693596** | **$53,495.00 U.S. Currency** |
|---|---|

b. Any administrative claims or interests therein of any entities or persons, and any other possible claimant are hereby canceled;

c. The Defendant Property is referred to the custody of United States Marshals Service for disposition in accordance with the relevant law and regulations.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [13] Motion to Set Aside the Order of the Magistrate Judge filed by the United States of America is **DENIED AS MOOT.**

**SO ORDERED AND ADJUDGED** this the 9th day of May, 2023.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge